## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

In re:

MICHAEL DAVID WILLIAMS,      )     Case No. 3:14-BK-30485-SHB
DAWN RENEE WILLIAMS,       )     Chapter 7
                               )
      Debtors.           )

## MOTION TO COMPROMISE

---

NOTICE OF HEARING

Notice is hereby given that:

A hearing will be held May 23, 2019, at 9:00 a.m. in Courtroom 1-C, at 800 Market Street, Knoxville, TN 37902, on the Motion to Compromise.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

---

Comes now W. Grey Steed, Trustee, through counsel, and moves (the "Motion") the Court pursuant to Federal Rule of Bankruptcy Procedure 2002 and 9019 for an Order allowing the Trustee to compromise a personal injury/products liability claim for the benefit of the bankruptcy estate. In support of his Motion, the Trustee would show unto the Court as follows:

1.      The debtors, Michael David Williams and Dawn Renee Williams, filed a voluntary Chapter 7 case on February 21, 2014. The case was closed, but reopened to administer an asset. W. Grey Steed was appointed Chapter 7 Trustee and currently serves in that capacity.

2.      Prior to the debtor's bankruptcy filing, the debtor wife allegedly sustained injuries due to a defective mesh implant. The debtor sought legal action for the defective product/injuries and asserted a claim against the manufacturer (the "Claim").

The Trustee retained special counsel Asim M. Badaruzzaman and the firm of Seeger Weiss LLP, and Ari Kresch and the firm of 1-800-Law-Firm.

3.      A settlement has been proposed to resolve the Claim in the gross settlement amount of $75,024.40, which the Trustee believes is acceptable and should be approved. The Claim is part of a confidential, aggregate settlement entered into by the attorneys representing multiple claimants.

4.      Certain fees, costs and expenses have been incurred in the case.  There is 5% assessment for costs associated with the multidistrict litigation (MDL) in the amount of $3,751.22 ($3,000.98 comes from counsel fees and $750.24 from the gross award).   Special counsel's attorneys' fees of $21,117.06 (33.33% of recovery less expenses and less assessment of $3,000.98) and expenses of $2,669.55 will be paid by the Trustee from the Proceeds.  A separate application will be filed for these fees and expenses.

5.      Additionally, fees were incurred to a) a lien resolution group, JND Mass Tort & Lien Resolution, in the amount of $500.00 (this expense is included in the attorney expense total above); and b) subrogation liens to TN Medicaid of $635.33 will be entitled to be reimbursed.

6.      After payment of the expenses outlined above, the bankruptcy estate should receive $70,637.85 (the "Proceeds").

7.      Currently, the claim period has not expired.  There are approximately $53,000.00 of unsecured claims scheduled in the case.  The debtor would be entitled to claim an exemption from the settlement proceeds in the approximate amount of $15,000.00 under Tennessee law.  At this time the Trustee expects that there will be approximately a 30 -50% distribution to unsecured creditors in the case if all creditors

file claims.

8.     Any and all release documentation required by the settlement ("the Release") may be executed, and the Release shall be valid and enforceable according to their terms and binding upon the Debtors and their bankruptcy estate, and that no consent of the Trustee, or signature by the Trustee on the Release, is necessary for the release documentation to be valid, binding and enforceable and to constitute a full and complete release of any and all claims being released and resolved by the release documentation (the "Settled Claims").  Upon the release documentation becoming effective in accordance with its terms, the Trustee, the bankruptcy estate, the Debtors, and any person or entity claiming, or who could claim, by, through or on behalf of the Trustee, the bankruptcy estate or the Debtors, shall be and hereby are permanently enjoined from asserting or prosecuting any claims related to arising from the Settled Claims.

9.     The Trustee believes that the settlement of the Claim is fair and in the best interest of the bankruptcy estate and creditors.

10.     The Trustee, absent objection within the time set forth herein, will ask the Court to approve the settlement of the Claim described herein.

WHEREFORE, the Trustee respectfully requests that the Court approve the compromise of the Claim set forth herein for the benefit of the estate.

Respectfully submitted this 27th day of April, 2019.

/s/ F. Scott Milligan
F. Scott Milligan, BPR. No. 13886
PO Box 12266
Knoxville, TN 37912
865-522-3311
Attorney for W. Grey Steed, Trustee

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2019 a true and correct copy of the foregoing Motion has been served upon the following by electronic mail and/or (ECF).

Tiffany DiIorio, Attorney for US Trustee
Brent S. Snyder, Attorney for Debtors

The following have been upon the persons listed below by placing a copy thereof, first class postage prepaid, hand delivery, or facsimile.

(Michael and Dawn Williams matrix attached.)

Michael and Dawn Williams
950 Foster Drive
Lenoir City, TN 37772

/s/ F. Scott Milligan
F. Scott Milligan